IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DR. KENNETH G. EDWARDS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 3:10cv647-MEF |
| | ) |
| ROBERT L. ROBERSON, | ) (WO - Do Not Publish) |
| | ) |
| DEFENDANT. | ) |

**MEMORANDUM OPINION AND ORDER**

A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). That is, a federal court is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, ..., and the burden of establishing the contrary rests upon the party asserting jurisdiction,...." *Id.* (citations omitted). At any time, the Court may review *sua sponte* whether it possesses subject matter jurisdiction over an action before it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-11 (11th Cir.1999) (outlining a federal court's duty to *sua sponte* consider its own subject matter jurisdiction); *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (same); *Employers Mut. Cas. Co. v. Evans*, 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982).

Plaintiff filed suit in the Small Claims Court of Russell County, Alabama. Plaintiff sought $4,730.00 for medical services rendered by Plaintiff and court costs in the some of $235.00. Defendant filed an Answer and a Counterclaim while the case was pending in Russell County. Defendant alleged a violation of the Fair Debt Collection Practices Act and various tort claims under Alabama law.

After filing this Counterclaim, Defendant removed the case to this Court invoking its subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332. It is clear, however, from the Notice of Removal (Doc. # 1) that Defendant's assertions relating to the existence of subject matter jurisdiction are predicated, not on the face of the Complaint, but on the claims asserted in the Counterclaim.[1]

The Court has examined the well-pleaded allegations in Plaintiff's Complaint. There are no federal claims presented in that pleading which would raise a question of federal law. The Court has also examined the well-pleaded allegations of plaintiff's Complaint to

---

[1] Federal subject matter jurisdiction can not rest upon an actual or anticipated counterclaim. *See, e.g., Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002). Removal jurisdiction is appropriate only if the plaintiff could have filed his original claims in federal court; to the extent that a defendant asserts he has a claim against the plaintiff grounded in federal law or subject to diversity jurisdiction, this is not proper grounds upon which to remove the original complaint. *See, e.g., Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 & 399 (1987); *Hunt v. Lamb*, 427 F.3d 725 (10th Cir. 2005) (ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question).

determine whether diversity jurisdiction is appropriate. It is not because the amount in controversy does not exceed $75,000. Therefore, the Court lacks subject matter jurisdiction over this action. Accordingly, the action must be remanded pursuant to 28 U.S.C. § 1447(c).

Accordingly, it is hereby ORDERED as follows:

1. This case is REMANDED to the Circuit Court of Russell County, Alabama.

2. The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 5th day of August, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE